**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DANIEL FLETCHER, #359391,

    Plaintiff,

v.                                      Case No. 09-13904

MICHAEL BOUCHARD,

    Defendant.

                                       /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT**

On October 2, 2009, Plaintiff Daniel Fletcher filed a complaint with this court, alleging violations of the Constitution of the United States, actionable under 42 U.S.C. § 1983. After several orders, only Defendant Michael Bouchard remains as a Defendant in his official capacity as Sheriff of Oakland County. (3/30/2010 Order; 5/18/2010 Order; 6/19/2010 Order; 7/15/2010 Order.) Following the conclusion of discovery, Defendant moved for summary judgment on April 13, 2011. Plaintiff responded on May 16, 2011. Having reviewed the briefs and exhibits, the court concludes that no hearing on the motions is necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant Defendant's motion.

**I. BACKGROUND**

At some point in early October 2006, Plaintiff suffered severe cranial trauma. The timing and cause of the injury are disputed, but the extent is not. On October 25, 2006, Plaintiff underwent surgery to reconstruct a portion of his skull, involving five metal plates, twenty-five screws, and forty-seven staples. Although the parties agree

that Plaintiff was a prisoner in the Oakland County Jail under the authority of Defendant at the time of the injury, beyond this the accounts diverge.

In his deposition testimony, Plaintiff alleges that his injuries resulted from an attack by Marcus Merrell, a counselor at the jail. (Pl. Resp. Ex. C, at 12-13.) Plaintiff was being held at Oakland County Jail prior to being returned to the Center for Forensic Psychiatry ("CFP"). Because medication he required for his mental health was unavailable at the jail, Plaintiff had not been properly medicated for some time prior to the attack, despite a maintenance order requiring medication. His unmedicated state made him understandably anxious to return to the CFP, where the medication was available. After numerous requests from Plaintiff to be transferred, Merrell became enraged when Plaintiff turned away from him. In the presence of a nurse, Merrell then smashed Plaintiff's head against a sink in the cell until Plaintiff became unconscious. Upon waking, Plaintiff observed an indentation in his head approximately the size of a quarter. In an agitated state, Plaintiff immediately called for medial attention. His requests were initially met with mocking indifference, but he was taken to the jail infirmary after approximately half an hour. There, he was examined by the same nurse who witnessed his assault and given mild painkillers. At this point, Plaintiff asked Defendant Bouchard whether he would be taken to a hospital. Defendant ordered Plaintiff be returned to his cell, and told him to "sue me from prison." (Def. Mot. Ex. 14, at 16.) Plaintiff was denied medical treatment for several days, until he was returned to the CFP on October 6, 2006. This is the factual basis for the complaint as presented in Plaintiff's deposition.

Defendant instead asserts that Plaintiff suffered a seizure on October 1, 2006, at which point he struck his head. (Def. Mot. Exs. 1, 2, 7, 8.) Initial indications presented no reason to believe he had sustained a serious injury; the area above Plaintiff's right eye was merely red and swollen. (Def. Mot. Ex. 3.) Plaintiff received an ice pack and painkillers. (Def. Mot. Ex. 3.) No attack was reported. Plaintiff was not examined on October 2, 2006, because he was sleeping and requested to be left alone. (Def. Mot. Ex. 7.) Plaintiff was returned to the CFP on October 6, 2006, at which time a report of the injury was made. (Def. Mot. Ex. 8.) That report, like the other contemporary records, indicates that the injury was the result of a seizure or fall. (Def. Mot. Ex. 8.) Again, no attack was reported.

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Once the moving party has made that showing, the nonmoving party cannot rest on its pleadings, but must identify specific facts that can be established by admissible evidence that demonstrate a genuine issue for trial." *Highland Capital, Inc. v. Franklin Nat. Bank*, 350 F.3d 558, 564 (6th Cir. 2003).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (citing *Matsushita,* 475 U.S. at 587). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52.

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment—the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original) (citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

### III. DISCUSSION

Of the Defendants against whom Plaintiff originally brought suit, only Oakland County Sheriff Michael Bouchard remains a defendant in his official capacity. "Suing a municipal officer in his official capacity for a constitutional violation pursuant to 42 U.S.C. § 1983 is the same as suing the municipality itself, and thus a successful suit against a municipal officer in his official capacity must meet the requirements for municipal liability stated in *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978)." *Kraemer v. Luttrell*, 189 F. App'x 361, 366 (6th Cir. 2006). As Plaintiff's only remaining claim arises under § 1983 and *Monell*, summary judgment must be granted unless there is sufficient evidence for a reasonable jury to find a "policy or custom" of Defendant caused the injury through a deprivation of a constitutional right. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985); *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). In opposing summary judgment, Plaintiff argues that Defendant's failure to investigate, report, and punish violations of Oakland County policy suffices to establish a genuine issue of material fact. This argument fails because Plaintiff has presented no evidence of his assertions sufficient to support a jury finding of a custom of noncompliance with Oakland County's written policy.

One deprived of a constitutional right under color of law may bring an action for damages against the party effecting the deprivation. 42 U.S.C. § 1983. Although municipalities may be liable under § 1983 for deprivations of civil rights, such liability requires a showing that the deprivation resulted from the "execution of a policy or custom" of the municipality. *Monell*, 436 U.S. at 695. Municipalities are not subjected to liability for deprivation of civil rights under the doctrine of *respondeat superior*. *Monell*, 436 U.S. at 691. "[A] plaintiff bringing a § 1983 claim against a municipality

5

must therefore identify a policy or custom that caused her injury." *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008). "[W]here action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986). However, such liability "attaches only where the decisionmaker possesses final authority to establish municipal liability with respect to the action ordered." *Id.* A single instance of an official without final policymaking authority acting or directing certain actions does not create a "policy or custom" as required under *Monell*. *Tuttle*, 471 U.S. at 823-24. Where a § 1983 claim rests upon a failure to train municipal officers or inadequate medical treatment of a prisoner, an additional showing of deliberate indifference is required. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989); *Ford*, 535 F.3d at 495.

The court begins its analysis by finding that Plaintiff has presented sufficient evidence of a deprivation of a constitutional right to establish the existence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56. It remains undisputed that Plaintiff suffered a serious injury, requiring surgical reconstruction of his skull. (Pl. Resp. Ex. E.) Although Defendant presents admissible evidence strongly indicating that this resulted from a seizure, Plaintiff has presented evidence that he has reasonably consistently maintained that it resulted instead from a savage attack by prison staff. (Def. Mot. Exs. 1–3, & 7; Pl. Resp. Exs. C, E, & F.) Were Plaintiff claiming damages against the alleged attacker under § 1983, he would be entitled to a jury determination of fact. However, the remaining action is against the municipality of Oakland County through the actions of its elected sheriff.

As the elected sheriff of Oakland County, Defendant Bouchard has final policymaking authority regarding the Oakland County Jail. *See Miller v. Calhoun County*, 408 F.3d 803, 814 (6th Cir. 2005). Therefore, Plaintiff must only show that a reasonable jury could find that Defendant has promulgated or permitted a policy or custom that stands in a causal relationship to Plaintiff's injury. This he has failed to do.

First, Plaintiff proposes no policy or custom extant at the time of his injury. No prior cases of similar abusive conduct are presented, nor does Plaintiff point to any other evidence of a policy or custom of abuse. Although a single instance of a constitutional deprivation may constitute a policy or custom, it must "fairly be said to represent official policy." *Pembaur*, 475 U.S. at 480 (quoting *Monell*, 436 U.S. at 694). In the absence of a policy, a custom "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Bd. of County Comm'rs v. Brown*, 520 U.S. at 404 (1997). However, Plaintiff likewise fails to present any evidence of a custom of prisoner abuse or inadequate medical treatment. To the extent that Plaintiff contends that the absence of a written policy provides support of a custom, this assertion is rebutted by Plaintiff's own evidence. Plaintiff presents to the court Oakland County Sheriff's Office Policy and Procedure 197, adopted September 21, 2006, which prohibits the sort of prisoner abuse and neglect of which Plaintiff complains. (Pl. Resp. Ex. I.) If individual jailors failed to follow this policy, that alone is insufficient to hold Defendant liable; it does not support a reasonable inference of an unwritten policy or custom contrary to the written policy adopted just days before the incidents alleged.

Second, Plaintiff has not even presented sufficient evidence to establish that his own alleged deprivation has been either expressly or tacitly endorsed *ex post* by Defendant as consonant with a policy or custom of the county.  Plaintiff merely asserts, without support, "that the Defendants did not punish, investigate or file a report with respect to the injury suffered by Mr. Fletcher," which evinces the "tacit authorizations of said civil rights violations."  (Pl. Resp. 10.)  Not one scintilla of evidence—by document, affidavit, or deposition—is presented to support this.  Against Plaintiff's utter dearth of evidence, Defendant's affidavit states that "[m]embers of [his] staff have handled all aspects of investigating the allegations after learning of them following the filing of the lawsuit."  (Def. Mot. Ex. 16.)  Supporting Defendant's affidavit are various incident reports.  (Pl. Mot. Exs. 1, 3, 8, & 10.)  Even if no further investigation occurred, Plaintiff has failed to show that this resulted either directly or indirectly from Defendant's actions.  Just as a policy or custom is not established by one incident of an inferior officer's actions, a policy or custom of failing to investigate such incidents is not established by one such failure.  Where municipal liability is alleged under *Monell* based upon one incident, there must be some direct decision by a municipal policymaker.  *Pembaur*, 475 U.S. at 481-82.  Plaintiff has presented neither allegation nor evidence of such direct involvement of Defendant.

Although Plaintiff does not argue that Defendant established a policy by directly denying Plaintiff's request to be examined at a hospital, such failure of medical treatment would require a showing of "deliberate indifference."  *Ford*, 535 F.3d at 495.  Where there is some medical care, "federal courts are generally reluctant to second guess medical judgments."  *Alspaugh v. McConnell*, ___ F.3d ___, No. 08-2330, 2011

8

WL 1938131, at *5 (6th Cir. May 23, 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).  As Plaintiff acknowledges that he received medical treatment, he must establish that it was "so woefully inadequate as to amount to no treatment at all."  *Id.*  Even viewing all evidence in a light most favorable to Plaintiff and drawing all reasonable inferences therefrom, Plaintiff has not presented a sufficient basis for a jury determination of deliberate indifference.  *See Sagan*, 342 F.3d at 497.  He has only indicated that he did not receive as much treatment as he would have liked, as soon as he would have liked it.  Plaintiff has not presented any evidence to indicate that he should have been taken to a hospital for x-rays or emergency treatment beyond that received at the Oakland County Jail on October 2, 2006.  Even after his return to the CFP, Plaintiff did not undergo surgery for an additional nineteen days.  Plaintiff acknowledges that he received medical treatment immediately before he allegedly was denied additional medical treatment by Defendant.  (Pl. Resp. Ex. C, at 15.)  Therefore, this potential basis of liability also fails due to inadequate evidentiary support.

Plaintiff has failed to offer any evidence that any policy or custom of Defendant caused his injuries.  No other incidents similar to that alleged in the complaint have been presented.  Nor has Plaintiff presented any evidence of any involvement by the final policymaker, Defendant Bouchard.  Therefore, the court will grant Defendant's motion.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's motion for summary judgment [Dkt. # 42] is GRANTED.

                                  s/Robert H. Cleland
                                  ROBERT H. CLELAND
                                  UNITED STATES DISTRICT JUDGE

Dated:  July 12, 2011

I I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 12, 2011, by electronic and/or ordinary mail.

                                  s/Lisa Wagner
                                  Case Manager and Deputy Clerk
                                  (313) 234-5522